UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAMIKA JEFFERSON | CIVIL ACTION |
| VERSUS | NO. 11-2073 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | SECTION "N"(2) |

# FINDINGS AND RECOMMENDATION

Plaintiff, Shamika Jefferson, proceeding pro se, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of an unfavorable decision of the Commissioner of the Social Security Administration (the "SSA"), dated May 28, 2010, denying plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Act. 42 U.S.C. §§ 405(g), 423. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B).

The Commissioner filed a Motion to Dismiss, arguing that plaintiff's complaint is untimely because it was filed after the 60-day deadline to appeal to this court from a final decision of the Commissioner. Record Doc. No. 10. Plaintiff filed, one day late, a written memorandum in opposition to defendant's motion, Record Doc. No. 12, which the court has considered.

I.      PROCEDURAL HISTORY

The following facts are established by plaintiff's complaint and its attachments, Complaint, Record Doc. No. 3; and by the declaration under penalty of perjury of Marian Jones, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review and its attachments. Defendant's Exh. A to Motion to Dismiss, Record Doc. No. 10-2 at pp. 1-4. Jefferson filed an application for DIB. After a hearing was held, an Administrative Law Judge ("ALJ") issued an unfavorable decision on May 28, 2010. Defendant's Exh. 1 attached to Jones's declaration, Record Doc. No. 10-2 at pp. 5-15.

Jefferson requested review of the ALJ's decision. On June 10, 2011, the Appeals Council denied her request for review and mailed a notice of its decision to plaintiff. Defendant's Exh. 2, Record Doc. No. 10-2 at pp. 16-20; Complaint, Record Doc. No. 3 at pp. 3-5. The notice clearly advised Jefferson that she could seek court review of the decision by filing a civil action within 60 days of her receipt of the letter or she could ask the Appeals Council for an extension of time to file. Defendant's Exh. 2, Record Doc. No. 10-2 at p. 17; Complaint, Record Doc. No. 3 at p. 4. The administrative record contains no indication that plaintiff either requested additional time to file a civil action or that any such additional time was granted.

On August 22, 2011, Jefferson filed an application for leave to proceed in forma pauperis in this court. Record Doc. No. 1. The motion was granted on August 24, 2011 and plaintiff's complaint was formally filed on that date. Record Doc. Nos. 2, 3.

II. ANALYSIS

A. Standards of Review

The Commissioner cites both Fed. R. Civ. P. 12(b)(1) and 12(b)(6) as bases for his motion to dismiss. Rule 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. However, the requirement that a civil action be filed within 60 days of the Commissioner's final decision in a Social Security case "is not jurisdictional, but rather constitutes a period of limitations." Bowen v. City of N.Y., 476 U.S. 467, 478 (1986) (emphasis added); accord Fletcher v. Apfel, 210 F.3d 510, 513 (5th Cir. 2000). Therefore, Rule 12(b)(1) does not apply to the instant motion, and I consider the motion only under the standards of Rule 12(b)(6), which provides for dismissal for failure to state a claim upon which relief can be granted.

Defendant has attached to his motion to dismiss a declaration under penalty of perjury, which authenticates two attached documentary exhibits. Rule 12(d) provides that, if a motion under Rule 12(b)(6) incorporates matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56. All parties must

3

be given a reasonable opportunity to present all the material that is pertinent to the motion." Thus,

> the court's review is [generally] limited to the allegations in the complaint. However, a court may also consider documents attached to the motion to dismiss when those documents are referred to in the complaint and are central to the plaintiff's claims. A document is central to a plaintiff's claim when it is necessary to establish an element of that claim. On the other hand, when a document is only mere evidence of a plaintiff's claim, a court should not consider the document when deciding a motion to dismiss. Finally, a court may consider a document attached to a response to a motion to dismiss when that document is sufficiently referenced in the complaint and is of unquestioned authenticity.

Keel v. Wal-Mart Stores, Inc., No. 1:11-CV-248, 2012 WL 488248, at *2 (E.D. Tex. Jan. 11, 2012) (citing Walch v. Adjutant Gen.'s Dep't, 533 F.3d 289, 293-94 (5th Cir. 2008); In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007); Kaye v. Lone Star Fund V (U.S.), L.P., 453 B.R. 645, 662 (Bankr. N.D. Tex. 2011); Taha v. Wm. Marsh Rice Univ., H-11-2060, 2011 WL 6057846, at *4 n.2 (S.D. Tex. Dec. 6, 2011)).

In the instant case, the Commissioner attached to his motion to dismiss copies of the ALJ's unfavorable decision and the Appeals Council's notice to plaintiff. Jefferson also attached the Appeals Council's letter to her complaint, in which she complains of an adverse final decision by the Commissioner. She avers that she has exhausted her administrative remedies and that this court has jurisdiction pursuant to 42 U.S.C. § 405(g). Complaint, Record Doc. No. 3. In her memorandum in opposition to

defendant's motion, Jefferson does not contest the mailing date of the Appeals Council's decision, which is plain upon the face of that letter. Because the ALJ's decision and the Appeals Council's decision are necessary to establish the timeliness and other essential elements of plaintiff's claim that the Commissioner erred in denying her application for DIB, this court may consider the documents without converting defendant's motion to dismiss to one for summary judgment.

In two recent opinions, the United States Supreme Court clarified the standard for reviewing a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The Fifth Circuit has explained the Supreme Court's current standard as follows.

> When reviewing a motion to dismiss, we must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" The Supreme Court in Iqbal explained that Twombly promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. First, we must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." Legal conclusions "must be supported by factual allegations."
> Upon identifying the well-pleaded factual allegations, we then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." This is

5

a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Rhodes v. Prince, 360 F. App'x 555, 557-58 (5th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949, 1950; Twombly, 550 U.S. at 555; Gonzales v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)) (citing Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996)).

The Supreme Court emphasized that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. Iqbal, 129 S. Ct. at 1949. The facial "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation omitted).

At least one post-Twombly Fifth Circuit panel reiterated the familiar concept that motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. Rodriguez v. Rutter, 310 F. App'x 623, 626 (5th Cir. 2009) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000); Kaiser Alum. & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)); accord Test Masters

Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005) (citing Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000)).

A district court ordinarily "should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the Plaintiff an opportunity to amend." Litson-Gruenber v. JPMorgan Chase & Co., No. 7:09-cv-056-0, 2009 WL 4884426, at *6 (N.D. Tex. Dec. 16, 2009) (citing Hart v. Bayer Corp., 199 F.3d 239, 248 n. 6 (5th Cir. 2000)); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002); Linck v. Brownsville Navig. Dist., 4 F.3d 989, 1993 WL 360773, at *4 (5th Cir. 1993).

However, that general rule does not apply if amendment would be futile because, as in the instant case, the complaint is time-barred on its face and the complaint fails to raise some basis for equitable tolling. Townsend v. BAC Home Loans Servicing, L.P., No. 11-20319, 2011 WL 6032946, at *3 (5th Cir. Dec. 5, 2011); Jaso v. The Coca Cola Co., 435 F. App'x 346, 351-52 (5th Cir. 2011) (citing Goodman v. Praxair, Inc., 494 F.3d 458, 466 (4th Cir. 2007); Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 1357 at 714-21 (3d ed. 2004)).

B.  Plaintiff's Complaint Is Time-Barred

Defendant's motion to dismiss must be granted because Jefferson's complaint was not timely filed. Only the Commissioner's "final decisions" are subject to judicial review. Califano v. Sanders, 430 U.S. 99, 107-08 (1977); Brandyburg v. Sullivan, 959 F.2d 555, 559 (5th Cir. 1992). "A 'final decision' is a particular type of agency action, and not all agency determinations are final decisions." Bacon v. Sullivan, 969 F.2d 1517, 1519 (3d Cir. 1992) (citing Califano, 430 U.S. at 107-08); accord DeLeon v. Comm'r of Social Sec., 191 F. App'x 88, 90 (3d Cir. 2006); Guillory v. Apfel, 239 F.3d 366, 2000 WL 1741644, at *3 (5th Cir. 2000) (citing Califano, 430 U.S. 99; Torres v. Shalala, 48 F.3d 887 (5th Cir. 1995)).

Section 405(g) of the Act provides: "Any individual, after any final decision of the Secretary made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ." 42 U.S.C. § 405(g) (emphasis added). Section 405(h) provides: "The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Id. § 405(h) (emphasis added).

After the Appeals Council denied review of the ALJ's decision on June 10, 2011, the ALJ's decision became final for purposes of this court's review. Section 405(g) of the Act requires "that claims [for judicial review] must be presented in the District Court within 60 days of a final decision of the [Commissioner]." Bowen, 476 U.S. at 478. An aggrieved individual "may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The 60-day limitations period serves "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually. Thus, the limitation serves both the interest of the claimant and the interest of the Government." Bowen, 476 U.S. at 481.

The Commissioner's "regulations clarify that a civil action must be commenced within sixty days after the notice 'is received by the individual.' The regulations also establish a rebuttable presumption that 'the date of receipt of notice . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.'" Flores v. Sullivan, 945 F.2d 109, 111 (5th Cir. 1991) (quoting 20 C.F.R. § 422.210(c) (1990)[1]); accord Fletcher, 210 F.3d at 513; Kinash v. Callahan, 129 F.3d 736, 737 (5th Cir. 1997).

---

[1] The language of 20 C.F.R. § 422.210(c) in effect in 2011 was the same as that quoted by the Fifth Circuit in 1990.

9

A claimant may ask the Commissioner for an extension of time to request judicial review. An extension will be granted if she shows good cause for having missed the filing deadline. Brandyburg, 959 F.2d at 559; Harper, 813 F.2d at 739; Harris v. Astrue, No. 10-3241, 2011 WL 891048, at *3 (E.D. La. Feb. 17, 2011), report & recommendation adopted, 2011 WL 901202 (E.D. La. Mar. 11, 2011); 20 C.F.R. § 416.1468(b). Jefferson did not seek any extension of the filing deadline from the Commissioner.

Plaintiff does not dispute that she received the Appeals Council's decision within five days after it was issued on June 10, 2011. Therefore, if she wanted judicial review, she was required to file a lawsuit within 60 days after she presumptively received that notice on June 15, 2011. Because she could not file a civil action on a Sunday, plaintiff's deadline to file a civil action expired on the following business day, Monday, August 15, 2011, which was 61 days after June 15, 2011. Fed. R. Civ. P. 6(a)(1)(B), (C).

Jefferson's complaint was not formally filed by the clerk of court until August 24, 2011, after her application to proceed in forma pauperis was granted. However, the complaint was tendered for filing on August 22, 2011 along with her in forma pauperis application. The statute of limitations was tolled during the pendency of her successful pauper application, and her complaint is deemed filed on August 22, 2011, the date that she tendered it. Castillo v. Blanco, 330 F. App'x 463, 468 (5th Cir. 2009); Fletcher, 210

F.3d at 513; McClellon v. Lone Star Gas Co., 66 F.3d 98, 101 (5th Cir. 1995); Ynclan v. Dep't of the Air Force, 943 F.2d 1388, 1392-93 (5th Cir.1991); Rodgers v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986); Lyons v. Goodson, 787 F.2d 411 (8th Cir. 1986).

If a claimant fails to appeal the denial of her application for DIB within the 60-day limitations period (or any extended time period that has been granted), the claim becomes final and unappealable. Brown v. Astrue, 344 F. App'x 16, 20 n.3 (5th Cir. 2009) (citing Brown v. Apfel, 192 F.3d 492, 495 (5th Cir. 1999); 20 C.F.R. § 404.957(c)(1)); Williams v. Shalala, 41 F.3d 664, 1994 WL 685061, at *5 (5th Cir. 1994); Flores, 945 F.2d at 113. Because Jefferson failed to file her appeal of the Appeals Council's final decision in this court until August 22, 2011, seven days after the August 15th deadline, she lost the right to seek judicial review of that final decision. Accordingly, her complaint is time-barred on its face. Scott v. Astrue, 239 F. App'x 43, 44 (5th Cir. 2007); Flores, 945 F.2d at 113.

However, Section 405(g) of the Act is a non-jurisdictional limitations provision to which equitable tolling would be applicable. Fletcher, 210 F.3d at 513; Flores, 945 F.2d at 113; Myer v. Chater, 99 F.3d 1134, 1999 WL 595595, at *2 (5th Cir. 1996); Lopez v. Astrue, No. EP-11-CV-430-RFC, 2012 WL 139218, at *1 (W.D. Tex. Jan. 18, 2012); Harris v. Astrue, No. 3:11CV-00026-NBB-JMV, 2011 WL 3740770, at *2-4 (N.D. Miss. Aug. 4, 2011). The instant civil action is time-barred unless equitable tolling

applies to extend the limitations period through August 22, 2011, the date when Jefferson is deemed to have filed her complaint.

Plaintiff admits in her opposition memorandum that she filed her complaint seven days after the deadline, but contends that she was late because "I just had my second surgery [on my left arm] on August 3, 2011. On August 22, 2011 I realized it was around the time to file my appeal." Record Doc. No. 12 at p. 1. She states that she still does not have full function in her left arm and that she takes prescription pain medication daily. Id. at p. 2. Because Jefferson is proceeding pro se, I broadly construe her allegations, as I must, as an argument that the 60-day limitations period should be equitably tolled. Johnson v. Astrue, 291 F. App'x 582, 585 (5th Cir. 2008) (citing Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2006))

The Commissioner's regulations require a claimant to establish "good cause" when requesting an extension of any deadline, including the deadline to file an appeal in a district court. See 20 C.F.R. § 405.20(a) ("If you want us to extend the deadline to request administrative or judicial review, you must establish that there is good cause for missing the deadline."); id. § 405.20(b)(2) (Good cause exists if the claimant "had a physical, mental, educational, or linguistic limitation(s) that prevented you from filing a timely request . . . ."). The Fifth Circuit has held that the Commissioner's filing of a motion to dismiss in an untimely civil action constitutes his "inferential denial" of an

untimely request to extend the filing deadline based on allegations of good cause. Myer, 1996 WL 595595, at *3 n.2; Barrs v. Sullivan, 906 F.2d 120, 122 (5th Cir. 1990). Therefore, I construe plaintiff's memorandum as contending that the judicial doctrine of equitable tolling applies to excuse her untimely filing of the instant action because of her alleged physical incapacity during the relevant time period.

"[T]he doctrine of equitable tolling permits courts to deem filings timely where the litigant can show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way." Harris, 2011 WL 3740770, at *3 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Torres v. Barnhart, 417 F.3d 276, 282 (2d Cir. 2005)) (quotations omitted).

"Equitable tolling is to be applied 'sparingly.' The plaintiff has the burden to provide justification for equitable tolling." Granger v. Aaron's, Inc., 636 F.3d 708, 712 (5th Cir. 2011) (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002); Wilson v. Sec'y, Dep't of Veterans Affairs, 65 F.3d 402, 404 (5th Cir. 1995)).[2] Thus, the court may toll the limitations period only in "exceptional circumstances." Barrs, 906 F.2d at 122.

---

[2]Although Granger, Morgan, Wilson and Baldwin County Welcome Center v. Brown (cited in the next paragraph) were decided under federal anti-discrimination law embodied in Title VII, 42 U.S.C. § 2000e-5(e)(1), cases that interpret Title VII are relevant to Social Security cases by analogy. Flores, 945 F.2d at 112.

13

> In general, equitable tolling is appropriate if notice was inadequate, if the plaintiff was awaiting court action on a motion, if the court led plaintiff to believe he had done everything required of him, or if affirmative misconduct on the part of the defendant lured plaintiff into inaction. In social security appeals, courts also invoke the doctrine when there is evidence of (a) bias on the part of the administrative law judge, (b) statutory or constitutional challenges to agency regulations and procedures, and (c) illegal or secretive actions by the agency that prevent claimants from knowing a violation of their rights has occurred.

Parrott v. Comm'r SSA, No. 9:95-CV-256, 1995 WL 750152, at *3 (E.D. Tex. Dec. 14, 1995) (citing Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984)), report & recommendation adopted, 914 F. Supp. 147 (E.D. Tex. 1996) (footnotes and additional citations omitted).

Jefferson has presented nothing to justify the application of equitable tolling in the instant case. She does not allege that the Commissioner misled her, failed to follow his own regulations or sent her inadequate notice of her rights. The notice that she admittedly received plainly advised her that she could seek court review of the decision by filing a civil action within 60 days of her receipt of the letter or she could ask the Appeals Council for an extension of time to file, and she admits in her opposition memorandum that she knew that she had a deadline to file a civil action. Assuming the truth of her statements that she had surgery on her left arm on August 3, 2011 and that she does not have full function in that arm, she proffers no explanation why she could not file the instant action either before the surgery or after her surgery but before the deadline

of August 15, 2011. In these circumstances, plaintiff has not shown that she has been pursuing her rights diligently or that any exceptional circumstances exist to warrant equitable tolling.

Because her complaint is barred by the applicable statute of limitations, plaintiff cannot state a claim upon which relief can be granted and defendant's motion to dismiss should be granted.

## **RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that the Commissioner's motion to dismiss be GRANTED and that plaintiff's complaint be dismissed WITH PREJUDICE.

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this __28th__ day of February, 2012.

                                          JOSEPH C. WILKINSON, JR.
                                     UNITED STATES MAGISTRATE JUDGE

---

[3] <u>Douglass</u> referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.